# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| KELVIN JEROME FIELDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV418-030 |
| MS. MEG HEAP, | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Kelvin Jerome Fields, an inmate at Chatham County Detention Center (CCDC), filed a 42 U.S.C. § 1983 Complaint against District Attorney Meg Heap for alleged procedural defects related to his state criminal case. *See* doc. 1 at 5-9. The Court granted Fields' request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms, docs. 4 & 5, as well as an Amended Complaint. Doc. 6.[1]

---

[1] Both the Complaint and Amended Complaint levy a claim of malicious prosecution against Heap. Docs. 1 & 6. Fields simultaneously also filed a "Brief in Support for Civil Suit[ ] CV418-030," contending that his due process rights were violated because his state court case is proceeding to trial on accusation even though he did not first waive his right to indictment by grand jury,. *See* doc. 7 at 1-5 (citing criminal case, *State of Georgia v. Fields*, CR16-2514 (Chatham Super. Ct.) and alleging that the case

The Court now proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915A.[2]

Fields alleges the warrants for his arrest were invalidly executed and "void." Doc. 6 at 2-5; *see id*. at 19 (attaching habeas corpus filings challenging criminal case, *State of Georgia v. Fields*, CR16-2514 (Chatham Super. Ct.)). Warrant W16001617 is "void and of no effect" because it was "ex[e]cuted" or signed on June 13, 2016, yet he did not appear before a judicial officer until months later. *Id*. at 2-5, 8. The other two warrants are, he contends, thus tainted and also invalidated. *Id*. at 3. Fields asks the return of his "freedom . . . that has been illegal[l]y taken" by defendant Heap in violation of his "Fourth Amendment rights." Doc. 6 at 27.

Liberally construed, plaintiff's Complaint alleges malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful*

---

proceeded in violation of O.C.G.A. § 17-7-70).

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in Fields' Amended Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

*institution* of legal process."). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But — as Fields well knows[3] — an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And there is no allegation that the Chatham County criminal case has been resolved in Fields' favor. *See* docs. 1 & 6; *see also State v. Fields*, CV16-2514. Indeed, it appears to have crystalized into a conviction that he is currently serving. *See* http://www.dcor.state.ga.us/GDC/Offender/Query, accessed January 8,

---

[3] This is not Fields' first rodeo. *See* CV417-129, doc. 1 (S.D. Ga. July 13, 2017) ("*Fields I*"); CV417-212, doc. 1 (S.D. Ga. Nov. 3, 2017) ("*Fields II*"). In *Fields I,* he claimed that District Attorney Heap and others were liable for malicious prosecution because, *inter alia*, his arrest warrants were invalid and his continued detention was unconstitutional. *See Fields I,* doc. 1 at 7, 15-16 (S.D. Ga. July 13, 2017). The Court dismissed the *Fields I* Complaint without prejudice because he did not allege that his state criminal proceeding had terminated in his favor. *Id.,* doc. 8 at 3-4 (S.D. Ga. Aug. 22, 2017); *id.,* doc. 11 at 1 (S.D. Ga. Aug. 30, 2017) (judgment). In *Fields II*, he asserted similar malicious prosecution claims against Heap and others. *Fields II,* doc. 1 at 3-4 (S.D. Ga. Nov. 3, 2017). The Court dismissed the *Fields II* Complaint, again without prejudice. *Id.,* doc. 10 at 4-5 (S.D. Ga. Dec. 14, 2017); *id.*, doc. 14 at 1 (S.D. Ga. Jan. 5, 2018) (judgment). The Court found that Heap was entitled to absolute prosecutorial immunity and denied Fields' request for injunctive relief, as it was relief the Court could not provide. *Id.; see id.,* doc. 6 at 3 (S.D. Ga. Nov. 29, 2017); *id.,* doc. 10 (S.D. Ga. Dec. 14, 2017) (incorporating undisturbed portions of prior recommendation, doc. 6). Meaning, Fields is well aware of the pleading requirement to set forth a malicious prosecution claim in this court (*Fields I* and *Fields II)*. His claim fails yet again.

2019. Fields, therefore, cannot state a claim for damages until that conviction is overturned.[4]

Fields also waves at a § 1983 due process claim[5] arising from his allegedly invalid arrest warrants and trial on accusation without an indictment waiver. Docs. 6 & 7. To state a procedural due process claim, a plaintiff must allege (1) a deprivation of a constitutionally protected liberty interest, (2) state action, and (3) constitutionally inadequate process. *Shaarbay v. Palm Beach Cty. Jail*, 350 F. App'x 359, 361 (11th Cir. 2009). Fields contends his rights under O.C.G.A. § 17-4-62 (warrantless arrests) and O.C.G.A. § 17-7-70 (trial on accusation) were violated, entitling him to "freedom." Doc. 6 at 27. But, it must be

---

[4] Indeed, Fields complains of defects that necessarily imply his conviction's invalidity. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

[5] Claims involving the mistreatment of pre-trial detainees while they are in custody, as Fields was when he filed this action, are governed by the Due Process Clause of the Fourteenth Amendment. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

remembered, he was arrested pursuant to a warrant (three, in fact) and § 17-7-70.1(a.1) specifically authorizes the district attorney to proceed to trial on accusation for violations of O.C.G.A. § 16-13-30 *without* obtaining a waiver of indictment so long as there has been a finding of probable cause. O.C.G.A. § 17-7-70.1(a.1). Fields meets both conditions — he was charged with an excepted crime and had a probable cause hearing on October 24, 2016 (doc. 6 at 6, 19; doc. 7 at 6, 11). Simply put, even were Heap a viable defendant,[6] Fields has not identified any liberty interest to which he was entitled that was then violated.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a

---

[6] After all, the allegations thus far against District Attorney Heap appear to stem entirely from her "function as advocate." She is therefore *absolutely* immune from suit. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (prosecutors are entitled to absolute immunity for their acts or omissions in the course of initiating a prosecution).

Despite the lack of any apparent basis for viable amendment, Fields' opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, Fields must be able to both plead the requisite elements of his § 1983 claims *and* identify a defendant who is not immune from suit.

district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Fields' malicious prosecution and due process claims are dead on arrival, and do not appear amendable.

Accordingly, the Complaint should be **DISMISSED**. It is also time for Fields to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0.00, doc. 4, he does not owe any initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). Fields' custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Fields' account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee

and costs in this case to Fields' new custodian. The balance due from him shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __10th__ day of January, 2019.

_/s/ Christopher L. Ray_
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA